No. 5046

Only money, the status of which is undeter-
mined or which is awaiting the time when it can finally
be taken into the Treasury, is authorized to be placed
in the Suspense Account in the absence of specific
statutory provision to the contrary.

Article 7057b, R. C. S. 1925, as amended,
does not repeal Article 4388, R. C. S. 1925, but the
two Acts must be construed together.

Enumeration of tax or fee in Article 7057b
does not necessarily prevent its being placed in the
Suspense Account under Article 4388 although payment
is not accompanied with written protest.

Where payment of tax or fee has been made
under protest as provided by Article 7057b and suit
is not filed within 90 days the collecting department
cannot legally keep or cause to be kept in suspense
such taxes or fees unless its status is otherwise un-
determined as provided by Article 4388.

---

OFFICE OF THE ATTORNEY GENERAL

May 6, 1939

Honorable Tom C. King
State Auditor
Austin, Texas

Dear Sir:                    Opinion No. 0-640
                             Re:  Can the heads of the various
                                  State Departments or Institutions
                                  legally hold in suspense the mon-
                                  eys, fees, and taxes set forth?

        We are in receipt of your letter of April 14, 1939,
requesting the opinion of this department upon the following
questions:

        1.  Can the heads of the various State Departments or
            Institutions or their appointees who are vested
            with the power to collect or receive taxes, fees
            or moneys for the State, legally place or cause
            to be placed in suspense, taxes, fees or moneys
            collected by them where no question as to the
            legal status of such money or moneys arises?

2. Can the heads of the various State Departments or Institutions or their appointees who are vested with the power to collect or receive occupation, gross receipts, franchise, license or other privilege tax or fee, legally place or cause to be placed in suspense such taxes or fees where the payment thereof is not accompanied by a written protest as provided for in Article 7057b, Section 1.

3. Can the heads of the various State Departments or Institutions or their appointees who are vested with the power to collect or receive occupation, gross receipts, franchise, license or other privilege tax or fee legally keep or cause to be kept in suspense such taxes or fees where the payment of the same is accompanied by a written protest as provided in Article 7057b Section 1, if at the expiration of ninety (90) days no suit has been filed in a court of competent jurisdiction in Travis County, Texas, for the recovery of such taxes or fees?

Prior to 1930 this State had no general statute providing for the deposit of taxes or moneys into a suspense account except that there was a departmental suspense account for the General Land Office. Article 4368 R. C. S. 1925.

From an independent investigation we have determined that the various State Departments had for some time maintained separate bank accounts in which funds were deposited when the department receiving the money was undecided as to what disposition should be made of it. Remittance was periodically made to the Treasury to be deposited in the proper account. This department ruled in a conference opinion dated February 26, 1926, addressed to Mrs. Emma Grigsby Meharg, Vol. 61, page 292, that the Secretary of State was not authorized to carry a bank account or to deposit fees of moneys collected by the Secretary of State at any other place than the State Treasury. Apparently however, the practice of maintaining departmental bank accounts continued in some other departments.

Article 4368 was amended by Acts 1930, 41st Leg. 5th C. S. p.230, ch.73, a part of which was substantially the same as the 1931 amendment hereinafter set out and contained the following emergency clause:

"Sec. 6. The fact that under the present laws many departments of the State government are now maintaining special bank accounts; that certain evils have resulted therefrom; and that there is need for more adequate penalties for failure to comply with the provisions of Chapters 2 and 3 of the Revised Civil Statutes of Texas of 1925 creates an emergency, etc."

Article 4368 and related statutes were again amended by Acts 1931, 42nd Leg. p.396, ch.242,, said article providing in part as follows:

"Article 4368. Daily statements from Departments. -- The State Treasurer shall receive daily

from the head of each department, each of whom
is specifically charged with the duty of making
same daily, a detailed list of all persons re-
mitting money the status of which is undetermined
or which is awaiting the time when it can finally
be taken into the treasury, together with the
actual remittances which the Treasurer shall cash
and place in his vaults or in legally authorized
depository banks, if the necessity arises. The
report from the General Land Office shall include
all money for interest, principal and the leases
of school, university, asylum and other lands.
* * * As soon as the status of money so placed
with the Treasurer on a deposit receipt is deter-
mined, it shall be transferred from the suspense
account by placing the portion of it belonging to
the State in the Treasury by the issuance of a
deposit warrant, and the part found not to belong
to the State shall be refunded." * *

Soon after this act was passed a question arose as
to its sufficiency to authorize payments of taxes and fees
under protest as a basis for a suit by the tax payer to re-
cover the money and to defeat the equity jurisdiction of a
court to enjoin collection of the tax. See Southern Realty
Corp. v. McCallum, (D. C. 1932) 1 F. Supp. 614.

To eliminate this difficulty the Legislature passed
the present article 7057b, Acts 1933, 43rd Leg., p.657, ch.
214, which reads in part as follows:

"SEC. 1. Any person, firm or corporation who
may be required to pay to the head of any depart-
ment of the State Government any occupation, gross
receipt, franchise, license or other privilege tax
or fee, and who believes or contends that the same
is unlawful and that such public official is not
lawfully entitled to demand or collect the same
shall, nevertheless, be required to pay such amount
as such public official charged with the collection
thereof may deem to be due the State, and shall be
entitled to accompany such payment with a written
protest, setting out fully and in detail each and
every ground or reason why it is contended that
such demand is unlawful or unauthorized.

"SEC. 2. Upon the payment of such taxes or fees,
accompanied by such written protest, the taxpayer
shall have ninety (90) days from said date within
which to file suit for the recovery thereof in any
court of competent jurisdiction in Travis County,
Texas, and none other. * * *

"SEC. 3. It shall be the duty of such public
official to transmit daily to the State Treasurer
all money so received, with a detailed list of all
those remitting same, and he shall inform the State
Treasurer in writing that such money was paid under
protest as hereinabove provided. * * *

"SEC. 4. If suit is not brought within the time and within the manner herein provided, or in the event it finally be determined in such suit that the sums of money so paid or any portion thereof, together with the pro rata interest earned thereon, belong to the State, then and in that event it shall be the duty of the State Treasurer to transfer such money from the suspense account to the proper fund of the State by placing the portion thereof belonging to the State in such fund by the issuance of a deposit warrant. When such deposit warrant or warrants are issued, they shall be entered in the cash book, and the proper fund to which such money is so transferred shall be properly credited therewith. In the event, however, that suit is brought by such taxpayer within the time and within the manner hereinabove provided, and it be finally determined that such money so paid by such taxpayer, or any part thereof, was unlawfully demanded by such public official and that the same belongs to such taxpayer, then and in that event it shall be the duty of the State Treasurer to refund such amount, together with the pro rata interest earned thereon, to such taxpayer by the issuance of a refund warrant, the same to be issued in separate series and to be used for making such refunds, to be styled and designated 'Tax Refund Warrants' and such warrants shall be written and signed by the Comptroller and countersigned by the State Treasurer and charged against the suspense account, as hereinabove provided, and shall then be returned to the Comptroller and delivered by him to the persons entitled to receive the same.

"SEC. 7. The provisions of this law shall be cumulative of all laws relating to the payments of taxes or fees of undetermined status and for the holding thereof in the suspense account fund of the State Treasurer.

"SEC. 9. The fact that more than One Million Dollars ($1,000,000.00) of taxes and fees have been paid into the suspense account under the provisions of the suspense account law and a doubt has been expressed as to the right of the persons paying the same to recover such moneys in a suit to determine the correctness or validity of the tax or assessment thereof, and the fact that it was the purpose and intention of the Legislature to authorize the bringing of suits under the present suspense account law for the purpose of testing the validity of such taxes and assessments, creates an emergency, etc."

Repeals by implication are not favored. Where there are two acts relating to the same subject and it is possible to construe the latter act as cumulative of the first, such construction will be given. 39 Tex. Jur. p. 142, Sec. 76. Here we have an express provision in the 1935 Act that it shall be cumulative of other suspense statutes, which evidences a legislative intent that Article 4388 should not be repealed but the two acts should be read and construed together.

Our statutes provide for numerous taxes and fees and direct that such taxes and fees shall be credited to various accounts and funds when collected. In setting up the suspense account the Legislature provided that certain moneys or funds should be placed therein.

It was held in Manion v. Lockhart, (Sup. Ct. 1938) 114 S. W. (2) 216, that the State Treasurer was without authority to credit money to the general revenue fund of the State Treasury when the statute provided that the money should be paid to the Treasurer for another purpose.

We think the familiar rule that the expression of one thing is exclusive of another is also applicable here. It is stated in 39 Tex. Jur. p. 189:

> "The maxim signifies that the express mention or enumeration of one person, thing, consequence or class is tantamount to an express exclusion of all others. And when it is applicable, affirmative words imply a negative of what is not affirmed, negative words imply an affirmative of what is not negatived; and a provision limiting a thing to be done in a particular form or manner implies that it shall not be done otherwise."

We are of the opinion that while the Legislature provided for placing in the Suspense Account, "money the status of which is undetermined or which is awaiting the time when it can finally be taken into the Treasury," it impliedly excluded the authority for placing any other moneys or funds in such account, nevertheless, we must answer your first question by saying that there can be moneys concerning whose legal status there is no question and yet for some reason cannot be taken into the Treasury. In such event it should go into the Suspense account until it can finally be taken into the Treasury. Necessarily we cannot foretell just what kind of a situation that might be.

The conclusion hereinabove expressed is of course subject to that part of Article 4389 which provides:

> "The report of the General Land Office shall include all money for interest, principal and the leases of school, university, asylum and other lands."

See also Articles 5319 and 5320 R. C. S. 1925 with reference to the General Land Office.

With reference to your second question, we call attention to Article 4366 which applies to all money of the designated class while Article 7057b contemplates that some controversy shall have arisen between the tax-payer and the collecting agency and some "occupation, gross receipts, franchise, license or other privilege tax or fee" has been paid under protest as provided therein. By Section 3 of Article 7057b "all moneys so received", that is, money received from the taxes and fees enumerated in Section 1 and paid under protest, shall be transmitted daily to the State Treasurer to be placed in suspense. Thus it will be seen that Article 4366 covers a broader field than Article 7057b since the first statute relates to money of undetermined status while the latter article deals only with money collected from the enumerated sources whose status has been placed in question by the tax-payer through the statutory protest.

Hon. Tom C. King, May 8, 1939, Page 6

Ordinarily when the taxes and fees enumerated under Article 7057b are paid voluntarily without statutory protest, they should not be deposited in the suspense account by the collecting department because no question of their status has been raised. When we read these statutes together, there are however, classes of fees or taxes enumerated in 7057b which may be paid without statutory protest, and yet we think they would properly be deposited in the suspense account. Take for example a state department which issues licenses with the statutory requirement that the fee accompany the application. Before the license can be granted, investigations may be made or examinations required. Finally, the application may be refused and the money returned to the applicant; if granted, the money would be deposited to a particular fund. It would be unreasonable to require a protest to be filed with each application so the money could be placed in suspense pending the hearing on the application. There is no controversy between the collector and the taxpayer as to the legality of the tax or whether the collecting authority is entitled to collect or demand the same within the contemplation of Article 7057b. We think 4388 was designed to cover just such a situation because undoubtedly this money cannot be taken into the Treasury when received and the title or status of such money cannot be determined until after the license is either granted or rejected.

In answer to your second question, we are of the opinion that the enumeration of a particular tax or fee in Article 7057b does not necessarily prevent its being placed in suspense under Article 4388 although payment is not accompanied by a written protest as provided for in Article 7057b Sec. 1.

Article 7057b Section 4 provides in part as follows:

"If suit is not brought within the time and within the manner herein provided * * * then and in that event it shall be the duty of the State Treasurer to transfer such money from the suspense account to the proper fund of the State by placing the portion thereof belonging to the State in such fund by issuance of a deposit warrant."

We also call your attention to that part of Article 4388 which provides:

"* * * As soon as the status of money so placed with the Treasurer on a deposit receipt is determined, it shall be transferred from the suspense account by placing the portion of it belonging to the State in the Treasury by the issuance of a deposit warrant, and the part found not to belong to the State shall be refunded." * * *"

We are of the opinion that where payment is made under Article 7057b accompanied by a written protest, if at the expiration of 90 days no suit has been filed in a court of competent jurisdiction in Travis County, Texas, for the recovery of such taxes or fees the collecting department cannot legally keep or cause to be kept in suspense such taxes or fees, unless its status is not otherwise undetermined as discussed in answer to your first question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:jm

This opinion has been considered in conference, approved, and ordered recorded.

_Gerald C. Mann_
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS